# IN THE COURT OF APPEALS OF IOWA

No. 24-2024
Filed September 4, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MICHAEL JAMES BEAVER,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Johnson County, Jason A. Burns,

Judge.


        A defendant appeals his sentences for two counts of indecent exposure.

**AFFIRMED.**


        Webb L. Wassmer of Wassmer Law Office, PLC, Marion, for appellant.

        Brenna Bird, Attorney General, and Sheryl Soich, Assistant Attorney

General, for appellee.


        Considered without oral argument by Schumacher, P.J., and Badding and

Langholz, JJ.

**LANGHOLZ, Judge.**

At least two thirteen-year-old girls observed Michael Beaver sitting at a computer in the middle of the Iowa City Public Library, watching pornography, and masturbating. Beaver pleaded guilty to two counts of indecent exposure, an aggravated misdemeanor.[1] *See* Iowa Code §§ 709.9(2)(b), 903B.2 (2023). At sentencing, he argued for a deferred judgment or sentences of time served—he had been in jail for 287 days. The State argued for consecutive two-year prison sentences—for a total four-year indeterminate prison sentence. And the district court imposed concurrent two-year indeterminate prisons sentences. Beaver now appeals, arguing that the district court abused its discretion in selecting these sentences rather than a sentence of time already served. Because the district court did not abuse its considerable sentencing discretion, we affirm.

We review a district court's discretionary sentencing decisions for an abuse of discretion. *See State v. Gordon*, 998 N.W.2d 859, 862 (Iowa 2023). This deferential standard of review recognizes that the court's decision "to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). And even when the court would have been justified in imposing the sentence sought by the defendant, "our task on appeal is not to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds." *Id.* at 725. So it is not enough that the defendant disagrees with the court's weighing of the sentencing factors and the sentence ultimately selected.

---

[1] Beaver entered an *Alford* plea. *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970). As part of the plea agreement, the State dismissed three other charges.

*See Gordon*, 998 N.W.2d at 863 ("The test for whether a sentencing court abused its discretion is not whether we might have weighed the various factors differently."); *see also* Iowa Code § 901.5 (requiring the sentencing court to consider, "[a]fter receiving and examining all pertinent information, including the presentence investigation report and victim impact statements," which authorized sentence "will provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others").

The district court did not abuse its discretion here. Beaver does not point to any unreasonable or untenable grounds of the court's decision. Instead, he argues that the court should have selected a sentence of time served because the offense "was out of character for" Beaver and "there was no evidence that" he "was attempting to be seen by children, or anyone else" while masturbating. But this argument merely asks us to reweigh the sentencing factors and exercise our own judgment of an appropriate sentence. And that is not our proper role on appeal. *See Gordon*, 998 N.W.2d at 863.

What's more, the court expressly considered both of the circumstances on which Beaver now relies. The court acknowledged it is "out of character for you, at least as far as the Court knows." But it explained that even so, "it's not normal behavior. I mean it's not something for anyone—to be engaged in that type of behavior, it's not normal for anyone, and so it's also extremely concerning behavior obviously." And as for Beaver's intent to be seen by children, it reasoned:

> You know, regardless of whether or not you intended to be around
> kids, I mean I think everybody in this community probably has been
> in that library with their families before. There are kids all over that

place, and even if there aren't kids, I mean the rest of us shouldn't have to deal with it either.  I mean it doesn't matter if you're a kid or not.  You know, it's a facility that, you know, our hard-earned money has paid for and keeps up and, you know, it's a place that's supposed to be safety to the community, and those type of actions violate that sense of safety that I think everybody, children or not, are entitled to have.

Seeing no abuse of discretion in this exercise of the district court's sentencing judgment, we affirm Beaver's sentences.

**AFFIRMED.**